**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ROOSEVELT DEAN, #574908,

    Petitioner,

                                                                                                     Case No. 08-14517
v.                                                                               Hon. Lawrence P. Zatkoff

THOMAS BELL,

    Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF
HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I. INTRODUCTION**

Michigan prisoner Roosevelt Dean ("Petitioner") has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. Following a bench trial in the Wayne County Circuit Court in 2006, Petitioner was convicted of assault with intent to murder, Mich. Comp. Laws § 750.83, felon in possession of a firearm, Mich. Comp. Laws § 750.224f, and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b. He was sentenced to 13 to 25 years' imprisonment on the assault conviction, a concurrent term of two to five years' imprisonment on the felon-in-possession conviction, and a consecutive term of two years' imprisonment on the felony-firearm conviction.

In his pleadings, Petitioner raises claims concerning the admission of evidence, the effectiveness of trial counsel, and the sufficiency of the evidence. Respondent has filed an answer to the petition contending that it should be denied for lack of merit. For the reasons set forth herein, the Court denies the petition. The Court also denies a certificate of appealability and denies leave

to proceed *in forma pauperis* on appeal.

## II. FACTS AND PROCEDURAL HISTORY

Petitioner's convictions arise from the shooting of his foster brother in Highland Park, Michigan, on October 11, 2005. The victim, DeJuan Reeder ("Reeder"), sustained non-fatal gunshot wounds to his abdomen and legs. At trial, Reeder testified that Petitioner accused him of stealing his cell phone while at Reeder's apartment. Tr., p.16. Reeder denied the accusation. Tr., p.17. Petitioner went to a back room, returned with a gun, and then shot Reeder four times: twice in the abdomen and twice in the legs. Tr., p.20. After being shot, Reeder told Petitioner he did not have Petitioner's phone. Petitioner responded, "yes, you did," and fled the apartment. Tr., p.24.

Ambulance driver Robin Baum ("Baum") testified that she arrived at Reeder's apartment to administer emergency services to him after the shooting. Tr., pp.34-35. Baum found Reeder on the floor bleeding. Tr., p.36. Reeder told Baum that "his brother shot him." Tr., p.36. She then transported Reeder to the hospital, because Reeder's injuries were "life threatening." Tr., p.36.

Wayne County Sheriff Deputy Vincent Gaines ("Gaines") testified that he responded to the shooting at Reeder's apartment. Tr., pp.34-35. He found Reeder lying on the floor and saw that he had been shot several times. Tr., p.42. Reeder told Gaines that "his brother shot him." Tr., p.42.

Petitioner testified in his own defense at trial. He said that he heard that someone shot Reeder in his apartment, but he denied committing the shooting. Tr., p.46.

At the close of trial, the trial court found Petitioner guilty of assault with intent to commit murder, felon in possession of a firearm, and felony firearm. The trial court sentenced him to 13 to 25 years' imprisonment, a concurrent term of two to five years' imprisonment, and a consecutive term of two years' imprisonment, respectively, on those convictions.

Following sentencing, Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals, presenting the following claims:

> I. The trial court committed plain error in admitting prejudicial hearsay evidence at trial.
>
> II. Trial counsel was ineffective for failing to object to prejudicial and inadmissible hearsay statements.
>
> III. Even if he was the shooter, the prosecution failed to prove beyond a reasonable doubt that he was guilty of assault with intent to murder.

The court denied the application "for lack of merit in the grounds presented." *See People v. Dean*, No. 275925 (Mich. Ct. App. June 25, 2007) (unpublished). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *See People v. Dean*, 741 N.W.2d 330 (Mich. 2007).

Petitioner thereafter filed his federal habeas petition raising the same claims presented to the state courts on direct appeal of his convictions. Respondent has filed an answer to the petition contending that it should be denied.

### III. STANDARD OF REVIEW

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his habeas petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the

3

>                Supreme Court of the United States; or
>
>     (2)     resulted in a decision that was based on an unreasonable determination of
>             the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require citation of [Supreme Court] cases—indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v.*

*Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

Additionally, §2254(e)(1) requires that a federal habeas court presume the correctness of state-court factual determinations. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *See, e.g.*, *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

In this case, the Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented" and the Michigan Supreme Court denied leave to appeal in a standard order. To the extent that the state courts did not specifically address whether the alleged errors constituted a denial of Petitioner's federal constitutional rights, the deference due under 28 U.S.C. § 2254(d) does not apply, and federal habeas review of such claims is *de novo*. *See Higgins v. Renico*, 470 F.3d 624, 630 (6th Cir. 2006) (quoting *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003), and citing *Wiggins v. Smith*, 539 U.S. 510, 534 (2003)). In any event, under either standard of review, the Court finds that Petitioner's claims lack merit and he is not entitled to federal habeas relief.

## IV. ANALYSIS

### A. Evidentiary Claim

Petitioner first asserts that he is entitled to habeas relief because the trial court erred in admitting hearsay evidence at trial—the testimony of witnesses Baum and Gaines that Reeder informed them that Petition had shot him. Respondent contends that this claim is a state-law claim

5

that is not cognizable on federal habeas review and that any federal claim has not been properly exhausted in the state courts.

As an initial matter, the Court notes that alleged trial court errors in the application of state evidentiary law are generally not cognizable as grounds for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Serra v. Mich. Dep't of Corrs.*, 4 F.3d 1348, 1354 (6th Cir. 1993). In other words, "[t]rial court errors in state procedure and/or evidentiary law do not rise to the level of federal constitutional claims warranting relief in a habeas action, unless the error renders the proceeding so fundamentally unfair as to deprive the petitioner of due process under the Fourteenth Amendment." *McAdoo v. Elo*, 365 F.3d 487, 494 (6th Cir. 2004) (quoting *McGuire*, 502 U.S. at 69-70); *see also Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003). Petitioner asserts that the trial court erred in admitting the testimony under the Michigan Rules of Evidence. Consequently, he merely alleges a violation of state law which does not entitle him to federal habeas relief. *See, e.g.*, *Wheeler v. Jones*, 59 Fed. Appx. 23, 28 (6th Cir. 2003). State courts are the final arbiters of state law and the federal courts will not intervene in such matters. *See, e.g.*, *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987).

Moreover, Petitioner is not entitled to relief on any claim that the admission of the evidence violated his confrontation rights or his due-process rights. The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him . . . ." U.S. Const. amend. VI. The Confrontation Clause guarantees a criminal defendant the right to confront the witnesses against

him. *See Davis v. Alaska*, 415 U.S. 308, 315 (1973). The Confrontation Clause is not violated, however, when a declarant who made challenged hearsay statements testifies at trial and is available for the defendant to confront. *See Nelson v. O'Neil*, 402 U.S. 622, 626-27, 629-30 (1971); *California v. Green*, 399 U.S. 149, 161 (1970) ("[N]one of our decisions interpreting the Confrontation Clause requires excluding the out-of-court statements of a witness who is available and testifying at trial."). In this case, Reeder testified at trial, and Petitioner had the opportunity to cross-examine him about the statements that he made to Baum and Gaines concerning the shooting. Thus, the admission of Reeder's prior statements did not violate the Confrontation Clause or otherwise render Petitioner's trial fundamentally unfair.

Lastly, even if the admission of the disputed testimony violated Petitioner's constitutional rights in some way, he is not entitled to relief from this Court. For purposes of federal habeas review, a constitutional error that implicates trial procedures is considered harmless if it did not have a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also O'Neal v. McAninch*, 513 U.S. 432, 445 (1995) (habeas court should grant petition if it has "grave doubt" about whether trial error had substantial and injurious effect or influence upon the jury's verdict). Given the significant evidence of guilt presented at trial, namely Reeder's testimony identifying Petitioner as the shooter, the Court finds that any error was harmless beyond a reasonable doubt. Habeas relief is not warranted on this claim.

**B. Ineffective Assistance of Counsel Claim**

Petitioner next asserts that he is entitled to habeas relief because trial counsel was ineffective for failing to object to the admission of the alleged hearsay testimony by witnesses

Baum and Gaines. Respondent contends that this claim lacks merit.

In *Strickland v. Washington,* 466 U.S. 668, 687 (1984), the United States Supreme Court set forth a two-pronged test for determining whether a habeas petitioner received the ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires showing that counsel made errors so serious that he or she was not functioning as counsel guaranteed under the Sixth Amendment. *Id.* at 687. Second, the petitioner must establish that counsel's deficient performance prejudiced the defense. Counsel's errors must have been so serious that the errors deprived the petitioner of a fair trial or appeal. *Id.*

With respect to the first prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance" in order to prove deficient performance. *Id.* at 690. The reviewing court's scrutiny of counsel's performance is highly deferential. *Id.* at 689. The court must recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions within reasonable professional judgment. *Id.* at 690. The petitioner bears the burden of overcoming the presumption that the challenged actions might be considered sound trial strategy. *Id.* at 689.

To satisfy the second prong under *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome. *Id.* "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct . . . undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

Petitioner has not shown that trial counsel was ineffective under the *Strickland* standard. The testimony of Baum and Gaines recounting Reeder's statements that his brother shot him were properly admitted under Michigan law as (1) prior consistent statements, *see* Mich. R. Evid. 801(d)(1)(B) (prior consistent statement is not hearsay if the declarant testifies at trial and the statement is offered to rebut an express or implied charge of recent fabrication or improper influence or motive); *see also* Mich. R. Evid. 801(d)(1)(C) (prior consistent statement is not hearsay if the declarant testifies at trial and the statement is one of identification of a person made after perceiving the person); *People v. Malone*, 518 N.W.2d 418, 422 (Mich. 1994); and/or (2) under the excited utterance exception to the hearsay rule. *See* Mich. R. Evid. 803(2); *People v. Kowalak*, 546 N.W.2d 681, 683 (Mich. Ct. App. 1996). As to the former, Reeder's prior statements to Baum and Gaines identified Petitioner as the person who shot him, Reeder testified similarly at trial, and Petitioner denied committing the shooting. As to the latter, Reeder's statements arose from a startling event—the shooting ; they were made shortly after he was shot—within about 30 minutes; and they were related to the circumstances of the shooting. Because the statements were admissible at trial, Petitioner cannot establish that counsel erred or that he was prejudiced by the lack of objection at trial. Defense counsel cannot be deemed deficient for failing to make a futile objection or motion. *See McQueen*, 99 F.3d at 1328.

Additionally, Petitioner cannot demonstrate that he was prejudiced by counsel's conduct given that Reeder testified at trial and positively identified Petitioner as the perpetrator of the crime. Petitioner has offered no evidence to support his claim that he was prejudiced by counsel's conduct. Conclusory allegations, without evidentiary support, do not provide a basis for habeas relief. *See Cross v. Stovall*, 238 Fed. Appx. 32, 39-40 (6th Cir. 2007); *Prince v. Straub*, 78 Fed. Appx. 440,

9

442 (6th Cir. 2003); *Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998) (conclusory allegations of ineffective assistance of counsel do not justify federal habeas relief); *see also Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006) (bald assertions and conclusory allegations do not provide sufficient basis to hold an evidentiary hearing in habeas proceedings). Petitioner has failed to establish that trial counsel was ineffective under the standard set forth in *Strickland*. Habeas relief is not warranted on this claim.

**C. Insufficient Evidence Claim**

Lastly, Petitioner asserts that he is entitled to habeas relief because the prosecution failed to present sufficient evidence to support his conviction for assault with intent to commit murder. Respondent contends that this claim lacks merit.

"[T]he Due-Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). The standard of review for a sufficiency of the evidence challenge must focus on whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). In the habeas context, "[t]he *Jackson* standard must be applied 'with explicit reference to the substantive elements of the criminal offense as defined by state law.'" *Brown v. Palmer*, 441 F.3d 347, 351 (6th Cir. 2006) (quoting *Jackson*, 443 U.S. at 324 n.16). "A reviewing court does not re-weigh the evidence or re-determine the credibility of the witnesses whose demeanor has been observed by the trial court." *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003) (citing *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983)). Accordingly, "[t]he mere existence of sufficient evidence to convict . . . defeats a

petitioner's claim." *Matthews*, 319 F.3d at 788-89.

Under Michigan law, the elements of assault with intent to murder are "(1) an assault, (2) with an actual intent to kill, (3) which if successful, would make the killing murder." *Warren v. Smith*, 161 F.3d 358, 361 (6th Cir. 1998) (citing *People v. Plummer*, 581 N.W.2d 753, 759 (Mich. Ct. App. 1998)); Mich. Comp. Laws § 750.83. The prosecution must prove beyond a reasonable doubt that the defendant committed the charged offense. *See, e.g., People v. Kern*, 149 N.W.2d 216, 218 (Mich. Ct. App. 1967). In other words, "proof of [the] defendant's connection with the alleged offense is an indispensable element of [the prosecutor's] duty." *Id.* Direct testimony or circumstantial evidence may be used to prove identity. *See Dell v. Straub*, 194 F. Supp. 2d 629, 647 (E.D. Mich. 2002); *Kern*, 149 N.W.2d at 218. Reasonable inferences from the evidence may also establish the elements of a crime, including the identity of the perpetrator. *Id.*; *People v. Johnson*, 381 N.W.2d 740, 742 (Mich. Ct. App. 1985).

Reeder's testimony established the elements of the crime: an assault committed by Petitioner, with an actual intent to kill, which if successful, would make the killing murder. A victim's testimony alone can be constitutionally sufficient to sustain a conviction. *See Tucker v. Palmer*, 541 F.3d 652, 658 (6th Cir. 2008) (citing cases). On direct examination, Reeder identified the Petitioner as the shooter. He also told the ambulance driver and the sheriff's deputy that his brother (Petitioner) shot him. Reeder's statements to both the ambulance driver and police officer were admitted into evidence at trial. Such testimony established beyond a reasonable doubt that Petitioner committed the shooting. Additionally, given Petitioner's use of a firearm and the severity of the victim's injuries, the trial testimony also established the requisite intent to support a conviction for assault with intent to murder beyond a reasonable doubt.

Petitioner essentially challenges the inferences the trial court drew from the testimony presented during trial. However, it is the job of the fact-finder at trial, not a federal habeas court, to resolve evidentiary conflicts. *See Jackson*, 443 U.S. at 326; *Martin v. Mitchell*, 280 F.3d 594, 618 (6th Cir. 2002); *Walker v. Engle*, 703 F.2d 959, 969-70 (6th Cir. 1983) ("A federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution."). The trial court's verdict in this case was reasonable. The trial testimony established beyond a reasonable doubt that Petitioner committed the charged offenses and that he possessed the requisite intent to support his conviction for assault with intent to commit murder. Habeas relief is not warranted on this claim.

## V. CONCLUSION

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims contained in his petition and the petition must be denied.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full

merits review, but must limit its examination to a threshold inquiry into the underlying merit of the claims. *Id*. at 336-37. Having considered the matter, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right as to his habeas claims. No certificate of appealability is warranted in this case nor should Petitioner be granted leave to proceed *in forma pauperis* on appeal as any appeal would be frivolous and cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

Accordingly, IT IS ORDERED that the petition for a writ of habeas corpus is DENIED and DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED and leave to proceed *in forma pauperis* on appeal is DENIED.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: July 15, 2010

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record

13

by electronic or U.S. mail on July 15, 2010.

                                              s/Marie E. Verlinde
                                              Case Manager
                                              (810) 984-3290